NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

IN RE TERMINATION OF PARENTAL RIGHTS AS TO J.S.

No. 1 CA-JV 23-0067
FILED 8-17-2023

---

Appeal from the Superior Court in Mohave County
No. S8015JD202200039
The Honorable Rick A. Williams, Judge

**AFFIRMED**

---

COUNSEL

Your AZ Lawyer, Phoenix
By Robert Ian Casey
*Counsel for Appellant*

Arizona Attorney General's Office, Tucson
By Dawn Rachelle Williams
*Counsel for Appellee Department of Child Safety*

Mohave County Legal Advocate, Kingman
By Bobbie Shin
*Counsel for Appellee J.S.*

---

**MEMORANDUM DECISION**

Judge Michael S. Catlett delivered the decision of the Court, in which Presiding Judge David D. Weinzweig and Judge Maria Elena Cruz joined.

---

**C A T L E T T**, Judge:

¶1   Kathleen M. ("Mother") appeals the juvenile court's order terminating her parental rights to her child, J.S. The juvenile court concluded the Department of Child Safety (the "Department") established by clear and convincing evidence that Mother is unable to discharge parental responsibilities because of chronic drug abuse, inability to stay sober outside a rehabilitation facility, and reasonable grounds to believe that the condition will continue for a prolonged and indeterminate period. *See* A.R.S. § 8-533(B)(3). The court also found the Department established by a preponderance of the evidence that termination is in the child's best interests. Because Mother did not request additional services or object to the services the Department provided before the termination hearing, she waived this issue on appeal. And because the court made legally sufficient factual findings for termination, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2   J.S. was born on January 29, 2022 with severe medical issues including a cleft palate and difficulty breathing. Mother tested positive for amphetamines upon admission to the hospital and admitted consuming marijuana and alcohol before going into labor. J.S. was born substance exposed to methamphetamines, THC, and alcohol. J.S. has undergone reconstructive surgery to treat his cleft palate and will require additional surgery in the future. Due to J.S.'s medical issues, he sleeps with an oxygen monitor and must sleep on his side or at a 45-degree angle. On February 16, 2022, J.S. was taken into temporary custody by the Department because of Mother's "[s]ubstance abuse issues" and "[u]nwillingness or inability . . . to care for [J.S.]"

¶3   In August 2022, the juvenile court made a dependency finding that Mother was "unwilling or unable to provide proper and effective parental care and control by neglecting the child due to substance abuse." The juvenile court also acknowledged Mother was unable to provide proper and effective parental care because of her inability to treat her mental health concerns.

¶4            The Department provided Mother with several services, including behavioral health and substance abuse assessments and treatment.  Mother entered multiple different rehabilitation programs but did not remain sober.  Mother tested positive through a hair follicle test for methamphetamine in August 2022.  Mother was also admitted to multiple behavior health facilities but failed to complete the programs.

¶5            Mother had supervised visits with J.S. where she arrived smelling of alcohol or J.S. returned smelling of stale cigarettes.  Following one visit, J.S. had what appeared to be motor oil on him and his clothing.  On three separate occasions Mother failed to show up for a scheduled visit and her referral was closed due to lack of engagement.

¶6            In December 2022, the Department filed a motion to suspend visitation because continuing visitation would seriously endanger the child's physical, mental, moral, or emotional health.  The Department alleged Mother made inappropriate comments to J.S. during a virtual visitation, read a book that was not age-appropriate, and became verbally aggressive towards the supervisor when re-directed.  The Department also noted Mother was observed to be under the influence of substances during the visit.  After oral argument, the juvenile court suspended visitation and found Mother presented a danger to J.S. and that continued visitation would endanger his health.

¶7            The Department moved to terminate Mother's parental rights under A.R.S. § 8-533(B)(3) because of a history of chronic abuse of dangerous drugs, controlled substances, and alcohol resulting in Mother being unable to discharge parental responsibilities.  After considering the evidence, the juvenile court terminated Mother's parental rights on February 23, 2023, finding as follows:

> [Mother] is unable to discharge parental responsibilities because of a history of chronic abuse of dangerous drugs, controlled substances, and/or alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period . . . Mother has gone through multiple substance abuse detox and rehab facilities. Upon exiting these facilities, Mother has continued to relapse on substances. . . . When Mother is not in treatment, she has not produced a negative drug test for the Department.  [T]he Department has made reasonable efforts to provide Mother with rehabilitative services[.]

**¶8**      Mother timely appealed.  We have jurisdiction under A.R.S. § 8-235(A).

## DISCUSSION

**¶9**      Mother appeals the termination order on two grounds.  First, Mother argues the Department did not provide diligent reunification efforts regarding Mother's mental health, and second, the juvenile court did not make sufficient findings in its order.  We "will affirm a severance order unless it is clearly erroneous." *Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 151 ¶ 18 (2018); *Demetrius L. v. Joshlynn F.*, 239 Ariz. 1, 3 ¶ 9 (2016).  We view the evidence in the light most favorable to sustaining the court's ruling and will not disturb a factual finding unless there is no reasonable evidence to support it.  *Adrian E. v. Dep't of Child Safety*, 239 Ariz. 240, 241 ¶ 2 (App. 2016); *Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47 ¶ 8 (App. 2004).

## I.      Diligent Reunification Efforts

**¶10**      Mother first argues the Department failed to provide diligent reunification efforts because the Department did not provide her with services aimed at addressing her mental health problems.

**¶11**      "Parents have a fundamental right to raise their children as they see fit, but that right is not without limitation."  *Mihn T. v. Ariz. Dep't of Econ. Sec.*, 202 Ariz. 76, 79 ¶ 14 (App. 2001).  Before seeking to terminate a parent's rights, the Department must make diligent efforts to provide a parent with appropriate reunification services.  *See* A.R.S. § 8-533(B)(8)(b).  The juvenile court must "consider the totality of the circumstances when determining whether [the Department] has made diligent efforts."  *Donald W. v. Dep't of Child Safety*, 247 Ariz. 9, 23 ¶ 49 (App. 2019).  To do so, the Department must provide a parent "with the time and opportunity to participate in programs designed to help her become an effective parent[.]" *Maricopa Cnty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994).  While the Department must provide rehabilitative measures that have "a reasonable prospect of success," the Department is not required to ensure the parent participates in services, and it is not required to provide futile services.  *Mary Ellen C. v. Ariz. Dep't of Econ. Sec.*, 193 Ariz. 185, 192 ¶ 34 (App. 1999); *see also JS-501904*, 180 Ariz. at 353 (holding the Department is not "required to provide every conceivable service[.]").

**¶12**      The Department argues Mother waived her claim that appropriate reunification services were offered because she never raised her concerns with the juvenile court, and waiver aside, reasonable evidence

supports the juvenile court's finding that the Department made reasonable efforts to provide services to her. We agree with both points.

¶13        At various points prior to the termination hearing, the juvenile court considered motions requesting confirmation that the Department was making reasonable efforts to finalize permanency. On multiple occasions the Court found that the Department had made reasonable efforts. *See Shawanee S. v. Ariz. Dep't of Econ. Sec.*, 234 Ariz. 174, 179 ¶ 17 (App. 2014). Mother did not object to any of the motions and did not otherwise request additional services before the termination hearing. *See id.*; *Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 349 ¶ 19 (App. 2013). When the juvenile court record shows that the Department ordered specific services according to a case plan, and the juvenile court finds during the implementation of the plan the Department made reasonable efforts to provide those services, a parent who does not contemporaneously object cannot later challenge that finding on appeal. *See Shawanee S.*, 234 Ariz. at 178–79 ¶ 16; *Bennigno R.*, 233 Ariz. at 349 ¶ 19. As a result, Mother waived her deficient services argument.

¶14        Notwithstanding waiver, we have reviewed the record and conclude it contains reasonable evidence supporting the juvenile court's factual findings and its conclusion that the Department made reasonable efforts under the circumstances to provide Mother with appropriate reunification services. *See Bennigno R.*, 233 Ariz. at 350 ¶ 20.

## II.        Termination On Only One Ground

¶15        Mother also argues the juvenile court erred by limiting its termination determination to the statutory allegation of substance abuse. A parent's rights may be severed if the "parent is unable to discharge parental responsibilities because of mental illness, mental deficiency *or* a history of chronic abuse of dangerous drugs, controlled substances *or* alcohol and there are reasonable grounds to believe that the condition will continue for a prolonged indeterminate period." A.R.S. § 8-533(B)(3) (emphasis added). Thus, under the text of the statute, the juvenile court is only required to make a termination finding on one of the grounds described therein. *See Kent K. v. Bobby M.*, 210 Ariz. 279, 282 ¶9 (2005) ("To justify termination of the parent-child relationship, the trial court must find, by clear and convincing evidence, at least one of the statutory grounds set out in A.R.S. § 8-533(B)[.]"); *Michael J. v. Arizona Dep't of Econ. Sec.*, 196 Ariz. 246, 249 ¶ 12 (2000) (same).

## III.    Sufficient Findings

**¶16**        Mother next contends the termination order the juvenile court issued lacked the specific findings required under A.R.S. § 8-538(A). Specifically, Mother argues the court failed to make sufficient findings regarding whether the Department made reasonable efforts and whether termination was in J.S.'s best interest. We review the sufficiency of findings of fact *de novo* as a mixed question of fact and law. *Francine C. v. Dep't of Child Safety*, 249 Ariz. 289, 296 ¶ 14 (App. 2020). A termination order shall recite the court's findings, but it need not list every fact upon which its findings are based. *See* Ariz. R.P. Juv. Ct. 353(h)(2)(A).

**¶17**        Like with adequate reunification services, the Department argues Mother waived her argument that the juvenile court failed to make sufficiently specific factual findings to support its termination order because Mother did not raise any concerns with the sufficiency of the factual findings when the Department lodged its proposed order, nor did she file a post-trial motion under Juvenile Rule 317 (a)(2). This Court, however, has previously held that a party cannot waive this issue. *See Francine C.*, 249 Ariz. at 298 ¶25; *see also Martha C. v. Dep't of Child Safety*, 2022 WL 99969, at *2 ¶¶ 9–10 (Ariz. App. Jan. 11, 2022) (applying *Francine C.* in the termination context). Therefore, we address the sufficiency of the juvenile court's order.

**¶18**        Mother argues the court's best interest findings were insufficient because the court failed to find that J.S. would be harmed by a continued relationship with Mother. She argues that while her substance abuse problem may prevent her from caring for J.S., it does not indicate that she cannot have a relationship with J.S.

**¶19**        Section 8-533(B) sets forth the grounds for terminating the parent-child relationship and states "the court shall also consider the best interests of the child" when deciding whether to terminate parental rights. *See Mary Lou C.*, 207 Ariz. at 50 ¶ 19. Termination of the parent-child relationship is in the child's best interests if the child would benefit from the termination or would be harmed if the relationship continued. *Demetrius L.*, 239 Ariz. at 4 ¶ 16. The court must determine by a preponderance of the evidence that termination is in the child's best interests. *Kent K.*, 210 Ariz. at 284 ¶ 22.

**¶20**        Here, J.S. is currently residing in a potential adoptive placement that meets his needs. *See Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334–35 ¶¶ 6–8 (App. 2004) (an adoptive plan may be evidence of

a benefit to be derived from terminating parental rights); *see also Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379 ¶ 30 (App. 2010). Thus, the juvenile court found that termination would be in J.S.'s best interest because it would further the plan of adoption by providing J.S. with stability and permanency. The court determined that "[c]ontinuation of the parent-child relationship would be a detriment to [J.S.] because the mother is continuing to abuse substances . . . [and] [h]e would be at significant risk of harm in Mother's care." The court concluded it was in J.S.'s best interest to terminate Mother's parental rights so he can continue to be safe, stable, have his needs met, and thrive. These findings are sufficient to sustain the juvenile court's decision that termination is in J.S.'s best interest.

**¶21** Finally, Mother argues the court made insufficient findings to support its conclusion that the Department made reasonable efforts to provide services aimed at preserving the family. Although, as explained, Mother waived any argument on appeal relating to the sufficiency of the Department's efforts, the superior court's findings on that issue are also legally sufficient. Mother asserts the juvenile court issued a boilerplate order the Department submitted, which contained various omissions, such as "insert parent's name" instead of Mother's actual name. While it is true that the superior court's order contained boilerplate language that needed to be replaced with case-specific information, the court listed the services the Department offered Mother for rehabilitation and concluded that, based on the services provided, the Department made reasonable efforts. The court's ultimate conclusions were supported by findings of fact and were legally sufficient.

## CONCLUSION

**¶22** We affirm the juvenile court's judgment terminating Mother's parental rights.

